## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **FILEBARK, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Case No. 03-1685 (RJL)** |
| ) | |
| **U.S. DEPARTMENT OF** ) | |
| **TRANSPORTATION, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER
(February 23 2006) [# 24]

Plaintiffs, two current or former Air Traffic Controllers and one Air Traffic Control

Supervisor at the Albuquerque, New Mexico Air Traffic Control Center ("Albuquerque

Center"), brought this action seeking: (1) declaratory and injunctive relief against the

defendants, the Federal Aviation Administration ("FAA"); and (2) the Department of

Transportation, and back pay from defendants' for allegedly violating agency rules and the

collective bargaining agreement between the FAA and the National Air Traffic Controllers

Association ("NATCA"). Upon consideration of defendants' motion and the entire record

herein, the Court GRANTS defendants' Motion to Dismiss as to plaintiffs Filebark and

Havens and DENIES defendants' Motion to Dismiss as to plaintiff Todd.[1]

---

[1]     Federal courts are courts of limited jurisdiction, possessing only those powers specifically
granted to them by either the United States Constitution or Congress. *Kokkonen v. Guardian Life Ins.
Co. of Am.*, 511 U.S. 375, 377 (1994). If a court determines that it lacks subject matter jurisdiction to
hear and decide a claim, the claim must be dismissed. Fed. R. Civ. P. 12(b)(1). All matters are presumed
to lie outside the limited jurisdiction of the federal courts until the plaintiff establishes that subject matter
jurisdiction is proper. *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002). Nevertheless, the complaint
must be construed liberally and a plaintiff should receive the benefit of all favorable inferences that can
be drawn from the alleged facts. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C.

**FACTUAL BACKGROUND**

Plaintiff Filebark is, and plaintiff Havens was, an Air Traffic Control Specialist at the Albuquerque Center. (Am. Compl. ¶ 7.) Plaintiff Todd is currently a Air Traffic Control Supervisor at the Albuquerque Center. (*Id.* at ¶ 8.) Plaintiffs Filebark and Havens are bargaining unit employees exclusively represented by the NATCA in labor-management dealings with the FAA. (*Id.*) NATCA and the FAA have a negotiated collective bargaining agreement ("CBA") that governs plaintiffs Filebark's and Haven's employment. (Defs.' Mot. to Dismiss ("Defs.' Mot.") Ex. 1.) Since plaintiff Todd is an Air Traffic Control Supervisor, he is excluded from representation by NATCA; therefore, the CBA does not apply to him. (Am. Compl. ¶ 8; Pls.' Opp'n to Defs.' Mot. to Dismiss and Supporting Mem. of Points and Authorities ("Pls.' Opp'n") Ex. 13 at 1, ¶ 2; *see* 5 U.S.C. § 7112(b) (prohibiting unions from representing supervisors).) Therefore, Todd's claims need to be evaluated independently.

**A.     Plaintiffs Filebark and Havens' Claims**

Plaintiffs Filebark and Havens allege that the air traffic counts used to determine their compensation at the Albuquerque Center are inaccurate because they fail to take into account military traffic, a problem acknowledged by the FAA. (Am. Compl. ¶ 30.) They argue that if military traffic had been taken into account, the Albuquerque Center's Air Traffic

---

Cir. 1997). When reviewing a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Compensation System ("ATC") Level[2] would be increased and consequently plaintiffs' pay would increase. (*Id.* at ¶¶ 22-31.) Filebark and Havens allege that the FAA did not take any action in response to the Albuquerque Center's application for an upgrade in its ATC Level classification. (*Id.* at ¶ 31.) Indeed, plaintiff Filebark filed an Unfair Labor Practice charge against the FAA for its failure to do so, but it was dismissed, in part, because NATCA had already filed a grievance pertaining to the same action. (Defs.' Mot. 4; *see* Am. Compl. ¶¶ 33-35.) Subsequently, however, NATCA withdrew its grievance and request for arbitration. (Defs.' Mot. 4, Ex. 12.) Nevertheless, both Filebark and Havens allege that the FAA failed to comply with the bargained for CBA between the FAA and the NATCA and seek judicial review of these actions. (Am. Compl. ¶¶ 37-42.) Plaintiff Filebark also seeks review of the decision regarding the grievance he filed. (*Id.* at ¶ 37.) Defendants contend, however, that section 7121(a)(1) of Title 5 of the United States Code precludes them from seeking judicial review of the FAA determination of the Albuquerque Center's ATC Level and of plaintiff

---

[2]    In 1995, Congress directed the FAA Administrator to develop and implement a new personnel management system ("PMS") for the FAA which put into effect a new compensation and classification system which would classify FAA facilities and determine the pay of the FAA workers at those facilities. 49 U.S.C. § 40122(g). The new PMS included an Air Traffic Compensation System ("ATC") involving a Position Classification Standard that categorized facilities based on traffic count with scores ranging from ATC Level 3-12. (Am. Compl. ¶ 13; Defs.' Mot. 2-3.) An FFA employee's salary is scaled according to the ATC Level assigned to the facility at which he or she is employed. (Am. Compl. ¶ 13.) ATC Levels are calculated with the use of a formula, based on the volume of air traffic at a facility, implemented by the FAA. (*Id.*) On October 1, 1998, an FAA Administrator issued a message that extended the pay agreement negotiated by the FAA and NATCA, for FAA employees under the CBA, to supervisors and managers who work at FAA facilities. (Am. Compl. ¶ 20; Pls.' Opp'n Ex. 2.)

    Section 40122(g)(2) of the FAA PMS states that the provisions of Title 5 of the United States Code, 5 U.S.C. §§ 101 *et seq.*, "shall not apply to the new personal management system developed and implemented." 49 U.S.C. § 40122(g)(2). However, the FAA PMS did state that certain provisions of Title 5 would apply as exceptions. *Id.* One of those exceptions is chapter 71, relating to labor-management relations, 5 U.S.C. §§ 7101 *et seq.* *Id.*

Filebark's grievance. For the following reasons, the Court agrees.

Our Circuit Court, in *Johnson v. Peterson,* held that it will recognize federal court jurisdiction over a matter covered by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §§ 7101 *et seq., only* where the statute expressly provides for such jurisdiction.[3] 996 F.2d at 401 ("[R]eading between the lines [of the CSRA] to interpolate remedies Congress did not provide can only lead the Court into error. Accordingly, we decline to create a method by which the employee can short-circuit the administrative process without the explicit authorization of Congress." (quotation marks omitted; second alteration in original)). Title 5 of the United States Code section § 7121(a)(1) does not expressly provide this Court with the jurisdiction to resolve a grievance under the NATCA/FAA CBA which contains negotiated grievance procedures. And while the plaintiffs urge this Court to adopt the

---

[3]   Certain provisions of Title 5 of the United States Code generally no longer apply to FAA personnel. 49 U.S.C. § 40122(g)(2). One exception to the inapplicability of Title 5 is chapter 71, 5 U.S.C. §§ 7101 *et seq.,* which relates to labor-management relations. *Id.* at § 40122(g)(2)(C). It is within chapter 71 of Title 5 of the United States Code that the procedures for resolving grievances relating to a CBA are found: "[A]ny collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. [With some exceptions,] the procedures shall be the exclusive *administrative* procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a)(1) (emphasis added to reflect language added by 1994 Amendment, Pub. L. No. 103-424, § 9(c)(2), 108 Stat. 4365 (1994)).

While plaintiffs urge that this Court follow the decision in *Mudge v. United States*, 308 F.3d 1220 (Fed. Cir. 2002), and allow judicial review of this administrative decision, the defendants contend that *Johnson v. Peterson*, 996 F.2d 397, 401 (D.C. Cir. 1993), is binding on this Court. (Pls.' Opp'n 18-19; Defs.' Mot. 12.) *Mudge* was decided in the Federal Circuit and held that 5 U.S.C. § 7121(a)(1) allowed for judicial review of grievance procedures under a collective bargaining agreement because of the addition of the word "administrative" to the statute in the 1994 amendments. 308 F.3d at 1227-28. In other words, *Mudge* states that the amendment narrowed the statute such that the grievance procedures provided in a collective bargaining agreement are the exclusive procedures only to the extent that they are administrative and, therefore, judicial review is not precluded. *Id.; see also Asociacion De Empleados Del Area Canalera (ASEDAC) v. Panama Canal Commission*, 329 F.3d 1235 (11th Cir. 2003).

Federal and Eleventh Circuits interpretative approach to finding jurisdiction via a 1994 amendment to the statute, this Court does not believe doing so would be consistent with the spirit, and letter, of our Circuit's precedent in *Johnson*. Therefore, after reviewing the pleadings, this Court GRANTS defendants' Motion to Dismiss as to plaintiffs Filebark and Havens.[4]

**B.      Plaintiff Todd's Claim**

Plaintiff Todd, as a non-bargaining unit employee of the Albuquerque Center, also seeks review of the FAA decisions as to the proper ATC Level classification of the Albuquerque Center as it relates to his salary level.[5] (Am. Compl. ¶¶ 8, 39.) Defendants contend that plaintiff Todd's action must be dismissed because he failed to exhaust his administrative remedies and because he already brought an action in the Court of Federal Claims regarding the same issue. (Defs.' Mot. 5, 9 n.2.) After reviewing the pleadings, this Court DENIES defendants' Motion to Dismiss as to plaintiff Todd.

Plaintiff Todd sued the FAA in the United States Court of Federal Claims, on behalf of the non-bargaining unit employees at the Albuquerque Center, seeking back pay as third-party beneficiaries of the contracts, including the CBA, between the FAA and NATCA under

---

[4]       The Ninth Circuit has held in *Whitman v. Department of Transportation* that the addition of the word "administrative" in 5 U.S.C. § 7121(a)(1) does not constitute an express grant of federal court jurisdiction over such claims. 382 F.3d 938, 943-44 (9th Cir. 2004). This decision conflicts with the decisions of the Federal Circuit and the Eleventh Circuit in *Mudge* and *ASEDAC* respectively. The Supreme Court granted certiorari in *Whitman* on June 27, 2005 and oral argument was held on December 5, 2005. *See* www.supremecourtus.gov/oralarguments/argument_calendars.html.

[5]       According to a message from Administrator Garvey, plaintiff Todd's salary is also based on the ATC Level classification of the Albuquerque Center due to the "NATCA agreement" with the FAA. (Pls.' Opp'n Ex. 2.)

the Tucker Act, 28 U.S.C. § 1491. *Todd v. United States*, 56 Fed. Cl. 449, 450 (Fed. Cl.

2003), *aff'd* 386 F.3d 1091 (Fed. Cir. 2004). The claim was dismissed by the Court of

Federal Claims because the contract did not state that the Albuquerque Center would be

upgraded to ATC Level 11, thus guaranteeing plaintiffs a salary increase, and because the

plaintiffs did not follow the established grievance procedure set in the contract to which they

were claiming third party beneficiary status. *Todd*, 56 Fed. Cl. at 453. The decision of the

Court of Federal Claims was affirmed by the Federal Circuit. *Todd v. United States*, 386

F.3d 1091 (Fed. Cir. 2004). Plaintiff Todd alleges that he attempted to file a grievance

related to the FAA's ATC Level classification of the Albuquerque Center through the

personnel office and with the facility manager at the Albuquerque Center. (Pls.' Opp'n 7,

Ex. 13.) The facility manager allegedly told plaintiff Todd that she did have the authority to

act on such a grievance and that she would not file any appeal as to the classification of the

Albuquerque Center. (*Id.*) Plaintiff Todd then called the Merit Systems Protection Board

in Denver seeking review of the ATC Level classification and the person to whom he spoke

told him that the Board would not pursue his grievance. (Pls.' Opp'n Ex. 10.)

Our Circuit requires that a party exhaust the administrative remedies available to it in

a labor dispute before an action can be brought in District Court. *Steadman v. United States*

*Soldiers' and Airmen's Home*, 918, F.2d 963, 968 (D.C. Cir. 1990); *Convertino v. United*

*States Dept. of Justice*, 393 F. Supp. 2d 42, 45 (D.D.C. 2005)(finding that the exhustion

requirement helps prevent the interruption of the administrative process, allows the

6

administrative agency to exercise its expertise, and promotes judicial efficiency). Our Circuit also requires that a claim be decided on the merits before it will be precluded by either collateral estoppel (issue preclusion) or res judicata (claim preclusion). *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 76 (D.C. Cir. 1997).

In this case, the defendants have neither stated explicitly how plaintiff Todd has failed to exhaust the administrative remedies available to him, nor do the defendants counter plaintiff Todd's allegations that he did seek administrative remedies. Moreover, the record does not show that he failed to do so.[6] And, the fact that plaintiff Todd previously brought a claim against the United States in the Court of Federal Claims pertaining to the ATC Level classification of the Albuquerque Center and its effect on his compensation does not necessarily bar him from bringing this action since his earlier action was not decided on the merits and was dismissed for lack of subject matter jurisdiction under the Tucker Act. *See Todd v. United States*, 56 Fed. Cl. 449 (Fed. Cl. 2003), *aff'd* 386 F.3d 1091 (Fed. Cir. 2004); *Stanton*, 127 F.3d at 76. Therefore, after reviewing the pleadings, the Court DENIES defendants' Motion to Dismiss as to plaintiff Todd.

---

[6]     Plaintiff Todd has alleged that he sought to exhaust his administrative remedies through the Albuquerque Center's personnel office, its Facility Manager and the local Merit Systems Protection Board since he is not a bargaining unit employee under the NATCA/FAA CBA. (*See* Pls.' Opp'n 7, Ex. 10, Ex. 13.)

     It should be noted that the defendants have failed to file the administrative record in this action as ordered by the Court, *see* Civil Action No. 03-1685, Minute Order dated December 7, 2004, even taking into account any applicable extensions of time granted by this Court.

## CONCLUSION

For the foregoing reasons, this Court GRANTS with prejudice Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction as to Plaintiffs Filebark and Havens and DENIES Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction as to Plaintiff Todd.  An Order consistent with this ruling accompanies this Memorandum Opinion.

## ORDER

For the reasons set forth above, it is this **23**rd day of February, 2006 hereby

**ORDERED** that the Defendants' Motion to Dismiss [# 24] is **GRANTED** with prejudice as to Plaintiffs Filebark and Havens, and it is further

**ORDERED** that the Defendants' Motion to Dismiss [# 24] is **DENIED** as to Plaintiff Todd, and it is further

**ORDERED** that defendants file the administrative record as to Plaintiff Todd within 10 days of this order.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

8